# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEANA PERRY,** | : | **CIVIL NO. 1:10-CV-911** |
| **Plaintiff,** | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **BOROUGH OF MIDDLETOWN, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

This is a civil rights action brought by Deana Perry, a woman who filed a complaint on April 28, 2010, that alleged in graphic terms that she was the subject of an unlawful arrest, an unreasonable search, an invasion of her personal privacy, and a stigmatizing denial of her personal liberty in the course of a May 15, 2008, search of her residence by the Defendants, local police officers. (Doc. 1.) The Defendants moved to dismiss Count IV of this original complaint, which alleged a "constitutional defamation," or what is referred to as a deprivation of a "stigma-plus" liberty interest.(Doc. 12.) The parties fully briefed this motion, (Docs. 14 and 20) and it was ripe for resolution, but other events in this litigation have now overtaken this motion, which attacked the legal sufficiency of Count IV of the Plaintiff's's original complaint.

Specifically, on November 16, 2010, with the consent of the Court and the concurrence of the Defendants, Perry filed an amended complaint. (Doc. 29.) While that amended complaint retains the Count IV which was set forth in her original complaint, and which was the subject of a motion to dismiss, the amended complaint added substantial new parties and factual allegations to the Plaintiff's case.

We believe that this development has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot. Therefore, we will DENY the pending motion to dismiss as moot, but without prejudice to the Defendants renewing this motion as to the amended complaint,

provided that they act before the **April 29, 2011**, deadline for filing dispositive motions previously set by this Court in our August 30, 2010 practice order. (Doc. 23.)

Accordingly, for the foregoing reasons, the Defendants' motion to dismiss Count IV of the original complaint filed in this action (Doc. 12) is DENIED as moot, but without prejudice to the filing of an appropriate dispositive motion challenging Count IV of the amended complaint.

So ordered this 9th day of February, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
